UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. |
| | ) | 5:15-cr-052-JMH-CJS |
| Plaintiff, | ) | |
| | ) | Civil No. |
| v. | ) | 5:18-cv-558-JMH-CJS |
| | ) | |
| STEPHON BERNARD PEAKE, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*

This matter comes before the Court on Magistrate Judge Candace J. Smith's Report and Recommendation [DE 112] recommending Defendant Stephon Bernard Peake's Motion to Vacate or Set Aside Judgment and Sentence Under 28 U.S.C. § 2255 [DE 94] be denied. After being granted an extension of time to do so, [DE 116], Peake filed an Objection to the Report and Recommendation [DE 121], so his § 2255 Motion [DE 94] is ripe for review by this Court. In addition to considering Peake's § 2255 Motion [DE 94], the Court will grant in part Peake's Motion for Supplemental Brief [DE 124, and Supplemental Motion in Support of Defendant's Objection to the Report and Recommendation [DE 125], insofar as Peake requests the Court to consider his supplemental briefs. The Court will also grant Peake's Second Supplemental Motion in Support of Defendant's Objection to the Report and Recommendation [DE 134] and consider Peake's arguments found therein and in his Supplemental Brief [DE

130]. However, for reasons stated further herein, the Court will deny Peake's request for an evidentiary hearing, so Peake's Motion for Supplemental Brief [DE 124] and Supplemental Motion in Support of Defendant's Objection to the Report and Recommendation [DE 125] will be denied in part, insofar as he requests an evidentiary hearing therein.

Magistrate Judge Smith recommends Peake's Motion [DE 94] be denied because he has failed to show his counsel was ineffective as both trial and appellate counsel. [DE 112, at 2-9]. It is further recommended that the undersigned deny Peake's request for an evidentiary hearing and a certificate of appealability to the United States Court of Appeals for the Sixth Circuit. *Id*. at 9-10. The record refutes Peake's claims of ineffective assistance of counsel presented in his Motion [DE 94]. Thus, Peake's petition for relief under § 2255 will be **DENIED**, and the Court will decline to grant his request for an evidentiary hearing or issue a certificate of appealability.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On November 13, 2015, a jury convicted Peake of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 851, and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [DE 54; DE 56]. On February 16, 2016, Peake was sentenced to a total term of 262 months imprisonment and a total term of six (6) years on supervised

release. [DE 60; DE 62]. Peake appealed his conviction to the Court of Appeals for the Sixth Circuit, challenging the denial of his motion to suppress evidence, the denial of his request for a lesser-included-offense jury instruction, and the Court's finding that he was a career offender. [DE 85]. On February 27, 2017, the Sixth Circuit affirmed this Court's judgment and declined to review Peake's argument regarding his status as a career offender because Peake made that argument in a *pro se* supplement despite being represented by counsel. *Id*. On October 4, 2017, the Supreme Court of the United States denied Peake's petition for *writ of certiorari*. [DE 90].

On October 2, 2018, Peake timely filed the present § 2255 Motion. [DE 94]. The United States responded to the motion, [DE 102], and Peake replied, [DE 104], making it ripe for review. On August 20, 2019, pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Judge Smith submitted a Report and Recommendation [DE 112] for the disposition of this matter. On September 25, 2019, after a brief extension of time, Peake filed an Objection to the Report and Recommendation. [DE 121]. Peake also filed an Affidavit in Support of 2255 Motion [DE 122], Motion for Supplemental Brief [DE 124], Supplemental Brief [DE 130], and Supplemental Motions in Support of Defendant's Objection to the Report and Recommendation [DE 125; DE 134], which the Court will consider.

## II. STANDARD OF REVIEW

Generally, a prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) ("[B]oth the right to appeal and the right to seek post-conviction relief are statutory rights that may be waived if the waiver is knowingly, intelligently, and voluntarily made."). For a petitioner to prevail on a 28 U.S.C. § 2255 claim, he must show that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law nor open to collateral attack, or otherwise must show that there was "a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.

Put another way, "[t]o prevail on a motion under § 2255, a [petitioner] must prove '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Goward v. United States*, 569 F. App'x 408, 412 (6th Cir. 2014) (quoting *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012)). The petitioner must sustain these allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (unpublished) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by

a preponderance of the evidence."); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). If the petitioner alleges a constitutional error, he must establish by a preponderance of the evidence that the error "had a substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Pough*, 442 F.3d at 964. Alternately, if he alleges a non-constitutional error, he must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Watson*, 165 F.3d at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

A petitioner may object to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). If the petitioner objects, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585-86 (6th Cir. 2005).

### III. DISCUSSION

Peake's objections to the Report and Recommendation [DE 112] expand on the arguments he used to support his § 2255 petition.

5

*See* [DE 121]. The Court, having reviewed the record, including, but not limited to, Peake's Motion [DE 94], Peake's Reply [DE 104], Peake's Amended Memorandum of Law for § 2255 Motion [DE 111] Magistrate Judge Smith's Report and Recommendation [DE 112], Peake's Objection [DE 121], Peake's Affidavit in Support of 2255 Motion [DE 122], Motion for Supplemental Brief [DE 124], Supplemental Brief [DE 131], and Supplemental Motions in Support of Defendant's Objection to the Report and Recommendation [DE 125; DE 134], finds Peake's grievances do not rise to the level of proof required to demonstrate a constitutional violation of the magnitude required by 28 U.S.C. § 2255. Further, this Court finds Peake is not entitled to an evidentiary hearing and declines to issue a certificate of appealability in this case.

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

Peake alleges his counsel deficiently performed with respect to (1) the request for suppression of evidence, [DE 94-1, at 2-6], and (2) Peake's appeal, *id*. at 6. The Court shall discuss each of Peake's allegations in turn..

To prevail on an ineffective assistance of counsel claim under § 2255, the petitioner must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, he must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. In applying this test, reviewing

courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance . . . ." *Id.* Second, the petitioner must establish prejudice, by showing there is a reasonable probability that but for counsel's unprofessional errors, the result of his proceedings would have been different. *Id.* at 694-95. Notably, "[w]hen deciding ineffective-assistance claims, courts need not address both components of the [deficient performance and prejudice] inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697.

Courts have "declined to articulate specific guidelines for appropriate attorney conduct and instead have emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (alterations in *Wiggins*). Still, a court's review of this prong includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Petitioner carries the burden of establishing that "'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

7

Meeting "*Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The standard "must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve." *Harrington*, 562 U.S. at 105. "Even under *de novo* review, the standard for judging counsel's representation is a most deferential one" because "[u]nlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Id.*

### 1. SUPPRESION OF EVIDENCE

Peake's argument that his counsel was ineffective concerning his request for suppression of evidence arises from the theft of three handguns, a .40 caliber pistol, a 9mm pistol, and .357 revolver. [DE 18, at 3]. After executing a search warrant for Peake's home seeking the .40 caliber pistol, officers instead found the .357 revolver. *Id*. at 2; [DE 13-2]. In his Motion to Suppress [DE 11], Peake challenged the basis for probable cause to search his home and argued "the warrant was invalid because it listed the .40 caliber pistol rather than the .357, which was the weapon located and seized." [DE 18, at 3]. The United States contended that the search warrant affidavit established probable cause, and even if it did not, officers relied on good faith. [DE 13].

According to the Search Warrant Affidavit [DE 13-2], prior to obtaining the search warrant, Officer Chad Baker visited a pawn shop to talk to the owner, who stated that Sylvia Hartman had pawned one of the handguns, which was found to be the 9mm pistol. [DE 18, at 3]; [DE 13-2, at 4]. During Officer Baker's interview with Hartman, she explained that she had pawned the 9mm pistol on behalf of her daughter, Ashley Brown, because Brown did not have the required identification to pawn the handgun. [DE 13-2, at 4]. When Officer Baker questioned Brown, she stated that she received the 9mm pistol and another handgun from Jeremy Yeager as payment for money he had stolen from her. *Id*. Brown allegedly gave the other handgun Yeager gave her to "Stephon Peake at 420 Robin Street" because she owed Peake money for failing to pay him for an alleged narcotics transaction. *Id*.

In denying Peake's Motion to Suppress [DE 11], the undersigned held, "The fact that the .357 was the firearm that was actually found does not affect the validity of the search warrant or the propriety of the search." [DE 18, at 4]. In reaching this determination, the Court relied on Brown's report to Officer Baker that she had given one of the stolen handguns to Peake and Officer Baker's testimony at the evidentiary hearing that "based upon Brown's description of the firearm she had given to Peake, he concluded that it was the .40 caliber pistol and not the .357." *Id*. Specifically, during the hearing, Officer Baker stated, "[T]he

9

way [Brown] described it was a shiny semiautomatic. We had the 9MM, so the only other semiautomatic was the .40 cal, so that's the weapon she advised that she had given to Mr. Peake." [DE 68, at 10]. In the alternative, the undersigned found, "[E]ven if the warrant was determined to be invalid, the seized evidence would not be barred because it was seized in 'reasonable, good faith reliance' on the warrant." [DE 18, at 4 (quoting *United States v. Leon*, 468 U.S. 897, 905 (1984))].

Now, Peake argues that the "result of the proceedings would have been different" if his counsel would have called Hartman and Brown to testify at the evidentiary hearing and played their videotaped police interviews. [DE 94-1, at 4]. Peake asserts that Hartman and Brown's testimony and the videos of the interviews would have shown that it was the officers who implicated Peake in the crime not Hartman and Brown, so Officer Baker did not have probable cause to obtain the search warrant for Peake's home. *Id*. at 3. Peake further asserts that his counsel was ineffective because his counsel failed to request a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) after the officers allegedly "lied and misrepresented the facts."

Pursuant to *Franks*, a hearing is required "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" and

10

"was necessary to the finding of probable cause." 438 U.S. at 155-56. As Magistrate Judge Smith correctly asserts, since Peake's ineffective assistance of counsel claim argues his counsel failed to competently litigate Peake's Fourth Amendment claim, Peake "'must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.'" [DE 112, at 5 (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986))].

Peake's assertion that "[i]t was the police who suggested to Ms. Brown that [Peake] had the gun" is not supported by the record nor is Peake's statement that "[t]he record, and the affidavit both say that Ms. Hartman implicated [Peake]. But the video proves she did not." [DE 94-1, at 3]. First, neither the record as a whole nor the Affidavit [DE 13-2] shows Hartman implicated Peake. As Magistrate Judge Smith properly found, such a description is "misleading." [DE 112, at 6 (citing [DE 94-1, at 3])]. In fact, the Affidavit [DE 13-2] shows that after Brown advised that she gave Peake the firearm, Hartman merely asserted that "Peake had commented that he was a convicted felon and was prohibited from possessing a firearm, but he had taken the weapon regardless." [DE 13-2, at 4]. As Magistrate Judge Smith correctly asserts, "[T]his statement does not show that Hartman specifically identified Peake by name but indicates that Officer Baker determined that the

11

individual whom Hartman observed during the transaction was Peake." [DE 112, at 6]. Officer Baker's Police Report [DE 13-1], further supports the fact that Hartman did not identify Peake by stating in pertinent part, "Hartman states, that after leaving the pawn shop with Brown, they proceeded to a home on Robin Street to one of Brown's and her boyfriends [sic] friends, at which she sold a second gun to the subject inside *later identified as Stephon Peake*." [DE 13-1, at 2 (emphasis added)].

Peakes argument regarding Brown is equally lacking. According to the Affidavit [DE 13-2, at 4], "Brown advised [the other weapon] had been given to Stephon Peake at 420 Robin Street." Peake argues the video interviews show the officers identified him using "trickery" because "it was not Ms. Brown who pointed to [Peake]; it was the officer! She did not even verbalize her agreement, she merely nods!" [DE 94-1, at 3]. The Court adopts and agrees with Magistrate Judge Smith's recommendation that "it is not material whether Brown first offered Peake's identity, or whether she nodded in confirmation to it when asked by Officer Baker—either version of events would make it fair to say that Brown advised Officer Baker that Peake was the one whom she gave the handgun to." [DE 112, at 7]. Therefore, the Court finds Peake has failed to show that the result of his motion to suppress would have been different if his counsel would have introduced Hartman and Brown's testimony and interviews or requested a *Franks* hearing.

12

Peake briefly makes the following additional arguments alleging his trial counsel was ineffective:

> Other examples of ineffectiveness include counsel's failure to object to and/or challenge the basis for a career offender enhancement. []The predicate offenses don't meet the test according to *Mathis*. This is a critical factor as the prejudice is many years' of incarceration. Also, counsel did not challenge the drug quantity. The record is clear that much of the drugs used to support the sentence were not tested at all! Why didn't Counsel insist that all the drugs attributed to him be tested? Competent counsel surely would have done that and if done, there is far more than a reasonable probability of a different outcome, well meeting the *Strickland* standard.

[DE 94-1, at 5-6]. Due to Peake's limited effort at arguing these claims, the Court agrees with Magistrate Judge Smith that Peake waived these claims due to his "failure to specifically articulate the factual and legal bases for his claims, e.g., how his predicate offenses fail to qualify as such under *Mathis v. United States*, 136 S. Ct. 2243 (2016), and what legal basis counsel should have argued to challenge the drug quantity . . . ." [DE 112, at 7-8 (citing *Thomas v. United States*, 849 F.3d 669, 679 (6th Cir. 2017), *reh'g denied* (Apr. 27, 2017), *cert. denied*, 138 S. Ct. 261 (2017) ("A party waives issues that he adverts to in a perfunctory manner, unaccompanied by some effort at developed argumentation."); Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 2(b))].

Furthermore, the Court agrees with Magistrate Judge Smith that even if Peake's brief claims were not waived, they would fail

13

on the merits. [DE 112, at 8]. First, Peake fails to show that *Mathis* is applicable to his case because "Peake did not receive his career-offender designation based on prior 'crimes of violence' but on prior felony 'controlled substance offenses,'" and *Mathis* only concerns prior convictions of crimes of violence. *See id.* Second, at Peake's sentencing, Peake's counsel did, in fact, raise Peake's argument that Peake should be held responsible for a lesser quantity of drugs than the 52.329 grams of heroin stated in the presentence investigation report because only one bag of heroin was tested due to the second bag resembling the same substance found in the first bag, which was tested. *See* [DE 112, at 8 (citing [DE 75, at 4; DE 65, at 5])].

As stated during Peake's sentencing, the bag that was tested weighed 42 grams. [DE 75, at 4]. Magistrate Judge Smith correctly states, "[T]he applicable base offense level under USSG § 2DL1.1(c)(11) (2015) specifies level 18 for '[a]t least 40 G but less than 60 G of Heroin . . . .'" [DE 112, at 8]. Even if Peake's counsel insisted all the bags be weighed, the outcome would not have changed because both the total amount of 52.329 grams and the tested amount of 42 grams fall under the same offense level. Whether the contents of the second bag contained heroin or not, Peake would have received the same sentence. For the foregoing reasons, the Court adopts Magistrate Judge Smith's recommendations

14

and finds Peake has failed to show his trial counsel was ineffective.

### 2. APPEAL

Like Peake's arguments concerning *Mathis* and the quantity of drugs attributed to him, his claims related to his counsel's alleged ineffectiveness are neither factually nor legally developed. Peake merely claims his counsel "could hardly appeal on the basis of his own screw-ups during pre-trial and trial and sentencing," his counsel showed a "lack of willingness to communicate during the preparation of the appeal," Peake "had to struggle to get counsel to do anything or talk to him about issues he believed were relevant to the case on appeal," and that "[p]rejudice must be presumed under the circumstances." [DE 94-1, at 6]. Since Peake fails to properly develop his arguments regarding appeal, those claims are waived. Even if Peake were able to establish deficient performance, the Court cannot "presume" prejudice, as Peake suggests, because Peake must establish that he was prejudiced by his counsel's alleged deficient performance. Accordingly, the Court will find that Peake has also failed to show ineffective assistance of appellate counsel.

### B. EVIDENTIARY HEARING

Section 2255 requires that a district court hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008) ("[T]he court is not required to hold an evidentiary hearing if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."); *Schriro v. Landigran,* 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). Magistrate Judge Smith recommends Peake's request for an evidentiary hearing be denied because "the briefings on Peake's § 2255 Motion, along with the record in this case, conclusively show that he is not entitled to the relief he seeks," and for the reasons started herein, the Court agrees. [DE 112, at 10]. Thus, Peake's request for an evidentiary hearing is denied.

### C. CERTIFICATE OF APPEALABILITY

"[A] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing for constitutional claims rejected on the merits, a defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or

16

wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). The "question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 U.S. at 342. For claims denied on procedural grounds, a certificate appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In the present case, the Court finds that reasonable jurists would not debate the denial of Peake's Motion [DE 94]. Thus, the Court will not issue a certificate of appealability in this matter.

## IV. CONCLUSION

In the instant case, Peake's Motion [DE 94] fails to demonstrate that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled to relief, the [Court] must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4.

Accordingly, **IT IS ORDERED** as follows:

(1) Defendant Stephon Bernard Peake's Motion to Vacate or Set Aside Judgment and Sentence Under 28 U.S.C. § 2255 [DE 94] is **DENIED**;

(2) Peake's request for an evidentiary hearing is **DENIED**;

(3) Peake's request for a certificate of appealability is **DENIED**;

(4) Peake's Motion for Supplemental Brief [DE 124] and Supplemental Motion in Support of Defendant's Objection to the Report and Recommendation [DE 125] are **GRANTED IN PART**, insofar as Peake requests the Court to consider his supplemental briefs, and **DENIED IN PART**, insofar as Peake requests an evidentiary hearing;

(5) Peake's Second Supplemental Motion in Support of Defendant's Objection to the Report and Recommendation [DE 134] is **GRANTED**;

(6) This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

(7) Judgment **SHALL** be entered contemporaneously with the Memorandum Opinion and Order.

This 21st day of April, 2021.



Signed By:
Joseph M. Hood
Senior U.S. District Judge