```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. |
| | ) | 5:15-52-JMH-1 |
| v. | ) | |
| | ) | |
| STEPHON BERNARD PEAKE, | ) | |
| | ) | **OPINION AND ORDER** |
| Defendant. | ) | |

                     \*\*  \*\*  \*\*  \*\*  \*\*

This matter is before the Court on Defendant Stephon Bernard Peake's *pro se* motion for a sentence reduction. (DE 155). For the reasons stated below, Peake's motion is **denied**.

On November 13, 2015, a jury found Peake guilty of Count One of the Indictment for possession with intent to distribute heroin, and Count Two for being a convicted felon in possession of a firearm. (DE 1; DE 54, DE 56). The Court sentenced him to the minimum within-guidelines sentence of 262 months with six years of supervised release. (DE 60; DE 62). After Peake's conviction and sentenced were affirmed by the Sixth Circuit (*see* DE 85; DE 86), he sought relief to vacate his sentence pursuant to 28 U.S.C. § 2255 (DE 94), but was unsuccessful— both in this court and, again, on appeal (*see* DE 136; DE 137; DE 145; DE 149).

Peake is currently 43 years of age, and is projected to be released from the United States Penitentiary (USP) in Yazoo City, Mississippi on February 2034. He has filed a motion pursuant to 18

U.S.C. § 3582(c)(1)(A), asking for a modification of his sentence. (DE 155). Based on the Sixth Circuit's decision in *United States v. Alston*, 976 F. 3d 727 (6th Cir. 2020) (acknowledging that Ohio's § 2925.03(A)(1) "offer to sell" statute no longer qualifies as a controlled substance offense), Peake asserts that extraordinary and compelling reasons justify a sentence reduction; specifically, because one of Peake's prior convictions falls pursuant to Ohio Code § 2925.031, he argues that he should be resentenced as if he were no longer a career offender.[1] The United States opposes Peake's motion for relief (*see* DE 157).

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court may "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). However, under the applicable provision of

---

[1] Prior to *Alston*, the Sixth Circuit issued a series of decisions clarifying that the "offer to sell" language in Ohio Revised Code § 2925.03(A)(1) is broader than the generic definition of a controlled substance offense under U.S.S.G. § 4B1.2; as such, it does not categorically qualify as a predicate controlled substance offense thereunder. First, in *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019), the Sixth Circuit found that "attempt crimes do not qualify as controlled substance offenses." Then, in *United States v. Cavazos*, 950 F.3d 329, 336-37 (6th Cir. 2020), the Court held that offenses which include "offers to sell" are attempt crimes and, therefore, do not qualify as career offender predicates. Following these two cases, the Sixth Circuit explicitly found that trafficking convictions under Section 2925.03(A)(1) do not qualify as controlled substance offenses for purposes of calculating a career offender designation. *See United States v. Palos*, 978 F.3d 373, 374-375 (6th Cir. 2020); *Alston*, 976 F.3d at 727.

Section 3582(c)(1)(A), the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides *some* guidance, but the Sixth Circuit has determined that it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). Thus, until the Sentencing Commission updates the policy statement to reflect that inmates may now file a compassionate-release motion on their own, district courts have "full discretion ... to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id*. at 1109.

As an initial matter, Peake has not identified any retroactive Supreme Court ruling that entitles him to relief. And, to the Court's knowledge *Havis* as well as any post-*Havis* case has not been made retroactive. *See Alexander v. United States*, No. 19-4005, 2020 WL 6111201, *2 (6th Cir. June 30, 2020) ("[O]ur decision in *Havis* is not a new rule of constitutional law that the Supreme Court has made retroactive."). "Accordingly, because *Havis* does

not apply retroactively, a *Havis* error is not an extraordinary and compelling reason to modify an inmate's sentence under § 3582(c)(1)(A)(i)." *United States v. McKinnie*, 24 F.4th 583, 587, 6th Cir. 2022). The Court finds that no extraordinary and compelling reasons exist to justify a sentence reduction.[2]

In any case, even if the Court were to find that Peake could meet this initial hurdle, the Court would also be required to find that the sentencing factors at 18 U.S.C. § 3553(a) would support relief in order to grant his motion. The Court considered these factors extensively at Peake's original sentencing hearing (*see e.g.,* DE 75 at 14-19), and the Court has reconsidered them for this motion. Peake was convicted of serious offenses, and he was sentenced to a total term of 262 months of imprisonment, with 262 months on Count 1 and 120 months on Count 2 to run concurrently. (DE 62 at 2). Considering all of the § 3553(a) factors, for the

---

[2] Notably, District Judge Karen Caldwell reached the same conclusion when evaluating a Defendant's recent § 3582(c)(1)(A) motion that raised similar arguments as did Peake. Judge Caldwell noted that:

> [r]egardless of any potential effect of *Havis* or related cases on [Defendant's] career offender classification if he were to be sentenced today, Sixth Circuit precedent is clear that "courts cannot use [§ 3582(c)(1)(A)] to circumvent binding precedent declaring the non-retroactive effect of new rules of criminal procedure." *United States v. McKinnie*, 24 F.4th 583, 587 (6th Cir. 2022). … Thus, the Court will not evaluate whether [Defendant] would or would not be classified as a career offender if sentenced today— the Sixth Circuit has already declared that the result of that inquiry would not constitute an extraordinary and compelling reason for a sentence reduction regardless of the answer.

*United States v. Edwards*, Criminal Action No. 5:17-115-KKC-2, 2022 WL 671429, at *2 (E.D. Ky. Mar. 7, 2022).

reasons stated in this opinion and at the time of Peake's sentencing, it is not appropriate to order his release at this time.

Therefore, because Peake cannot meet the requirements for asserting relief under this statute or identify a cognizable reason warranting a reduction in his sentence,

IT IS HEREBY ORDERED that Defendant Stephon Bernard Peake's motion for a sentence reduction (DE 155) is DENIED.

Dated this the 4th day of August, 2022.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge