UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 15-52-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| STEPHON BERNARD PEAKE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

A jury convicted defendant Stephon Peake for possessing heroin with the intent to distribute it and for being a felon in possession of a firearm. He subsequently was sentenced to a term of imprisonment of 262 months. Peake has now filed a *pro se* motion, styled as a letter, seeking appointment of counsel to pursue a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). [Record No. 172] Although Peake frames his substantive request as a motion for compassionate release, he also asks the Court to reconsider its previous decision denying post-sentencing relief. Peake's requests will be denied for the reasons that follow.

## I. Compassionate Release

The Court adheres to a three-step analysis when considering motions under 18 U.S.C. § 3582(c)(1)(A). *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020). After fully exhausting all administrative remedies, a prisoner seeking compassionate release must show an "extraordinary and compelling reason" to warrant a sentence reduction.[1] *Id*. Second, this

---

[1] Congress originally tasked the Sentencing Commission with determining "what should be considered extraordinary and compelling reasons for sentence reduction," limiting its

Court examines whether the requested reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* at 1108. And third, the Court analyzes the factors set out in 18 U.S.C. § 3553(a) to determine whether the reduction authorized by the statute is "warranted in whole or in part under the particular circumstances of the case." *Id.* at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Courts generally are without authority to "modify a term of imprisonment once it has been imposed," but there has long been an exception for cases where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(2)(A)(i). Prior to the passage of the First Step Act of 2018, only the United States Bureau of Prisons ("BOP") could request compassionate release on a defendant's behalf. *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (citing § 3582(c)(1)(A) (2002)). However, that Act eliminated this gatekeeping role and allowed prisoners to move for relief when the BOP declined to act. *Id.*

Peake has exhausted his administrative remedies, satisfying the first requirement. As grounds for relief, he broadly cites his family circumstances as extraordinary and compelling reasons to justify his compassionate release. More specifically, Peake argues that he is entitled to release because his nine-year-old daughter is now in the sole custody of her aging great-grandmother. However, courts general consider "[t]he death or incapacitation of the caregiver of the defendant's minor child" as an extraordinary and compelling circumstance to justify

---

discretion only with the qualification that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *See* 28 U.S.C. § 994(t). Consistent with this directive, the Commission previously identified four circumstances it viewed as extraordinary and compelling reasons for a sentence modification: (1) the medical condition of the defendant; (2) the age of the defendant; (3) "family circumstances," such as when a defendant is the sole caregiver to a spouse or minor child; and (4) "other reasons," as determined by the BOP. *See* U.S.S.G. § 1B1.13.

compassionate release pursuant to U.S.S.G. § 1B1.13(b)(3)(A).  Although Peake claims his daughter's great-grandfather recently passed away and her great-grandmother is now her sole caregiver, he does not claim or attempt to show that his daughter's caregiver is incapacitated or unable to care for the child.

Peake further argues that his elderly parents need him as a caregiver.  And pursuant to U.S.S.G. 1B1.13(3)(C), courts may now consider the incapacitation of the defendant's parent as an extraordinary and compelling circumstance that warrants compassionate release when the defendant would be the *only* available caregiver.  However, Peake makes no claim that he is the only available caregiver for his parents.  In fact, he concedes that his mother has been admitted to a nursing home facility and he does not argue that his father is incapacitated or otherwise without anyone to provide him with care.

Even if Peake had presented an extraordinary and compelling family circumstance that could justify compassionate release, the factors set out in 18 U.S.C. § 3553(a) would counsel against it.  [Record No. 65] The nature and circumstances regarding Peake's offense are serious.  He was arrested as law enforcement searched a residence for a stolen Ruger .357 caliber revolver. As officers executed the search warrant, they discovered multiple firearms, including the one that had been stolen, together with digital scales, drug paraphernalia, and marijuana. Officers also found over 50 grams of heroin and $3,500 in Peake's possession. And Peake later received a sentencing enhancement for willfully obstructing justice.

Peake's extensive criminal history also weighs against compassionate release.  He has been convicted multiple times for possessing marijuana, cocaine, and heroin, trafficking cocaine and heroin, and receiving stolen property.  And he has been convicted for operating a

motor vehicle under the influence of alcohol and drugs.  During his arrest for that offense, he told law enforcement that he had "killed a cop before" and spat in the officer's face.

Because Peake has continued engaging in criminal activities despite previous terms of incarceration, it is necessary that his sentence provide specific deterrence to prevent him from committing additional offenses.  The sentence must also promote respect for the law.  Any reduction of the current term he is serving would undermine these objectives.

## II.

Peake also cites two additional grounds for relief.  However, the Court notes that he previously raised both arguments unsuccessfully in an earlier motion.  [Record No. 171]  Thus, the Court construes his request for relief on these grounds as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

While the civil rules do not apply directly to criminal cases, motions to reconsider "are permitted in criminal cases as ordinary elements of federal practice."  *United States v. Banks*, No. 21-5382, 2021 U.S. App. LEXIS 26751, at *4 (6th Cir. Sept. 2, 2021) (citation omitted).  District courts routinely review motions to reconsider under the same standard as motions to alter or amend under Rule 59(e).  *See Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)).  This allows the Court to alter or amend its previous decision based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Brumley v. United Parcel Serv., Inc*., 909 F.3d 834, 841 (6th Cir. 2018).

Peake claims that the "Court overlooked the merit in his prior request for appointment of counsel to help him litigate his claim of relief."  [Record No. 172]  But the Court originally denied his request for the appointment of appoint counsel after determining that his substantive

claims lacked merit.  Nonetheless, Peake again seeks to challenge the constitutional sufficiency of the Indictment based on the amount of drugs attributed to him during the sentencing hearing. He also seeks to challenge his designation as a career offender.  To the extent Peake seeks reconsideration of these claims, the Court evaluates his instant motion to determine whether a clear error of law occurred or whether the previous decision results in manifest injustice.

### A. Claim of Indictment Deficiency

Peake asserts that the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 489 (2000), requires that an "indictment [to] contain an allegation of every fact which is legally essential to the punishment."  [Record No. 172] Specifically, he argues that "a grand jury never alleged in his indictment that he intended to distribute 40 to 60 grams of heroin" which later enabled the Court to establish his base offense level for sentencing purposes.  *Id*. And he contends that "the Court [previously] overlooked the merit where an essential element of a drug amount was missing from the indictment."  *Id*.  But as previously noted, *Apprendi's* holding requires a fact to be submitted to the jury at the *trial stage* and proven beyond a reasonable doubt when the fact would increase a criminal penalty beyond a statutory maximum.  Put differently, the fundamental proposition set forth in *Apprendi* does not impose constitutional obligations on the prosecutor at the *pretrial stage* as Peake asserts.

Peake's Indictment was not deficient simply because it described the heroin he purportedly possessed as a "detectable amount" rather than reflecting at that stage the precise weight of the drug he was convicted of possessing.  Provided government properly proved essential legal elements of the relevant charge at trial (and it did), there is no identifiable constitutional error or potential for manifest injustice in the way the sentencing court established his offense level and applied relevant enhancements.

- 5 -

## B. Challenge of 'Career Offender' Status

Peake claims that he should not have been considered a career offender in determining his sentence.  He argues the Court improperly counted a conviction for trafficking in cocaine when it assessed his career offender enhancement at sentencing under *United States v. Alston*, 976 F.3d 727 (6th Cir. 2022).  Specifically, Peake challenges the inclusion of a conviction under a statute that prohibits trafficking cocaine for the purpose of distribution in his career offender calculation.  *See* Ohio Rev. Code Ann. § 2925.03(A)(1)-(2) [Record No. 65, ¶ 45]

Pursuant to U.S.S.G. § 4B1.2, courts may count a controlled substance offense toward the career offender calculation if it is

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*See* U.S.S.G. § 4B1.2(b).

Section 2925.03(A)(1) of the Ohio Revised Code prohibits a person from "[s]ell[ing] or offer[ing] to sell a controlled substance or a controlled substance analog."  As the Court noted previously, *Alston* held that convictions based on provisions that broadly criminalize *offering to sell* a controlled substance cannot qualify as a predicate controlled substance offense that triggers the career offender enhancement.  But the Sixth Circuit left undisturbed the ability of lower courts to consider an offense for *trafficking* as a predicate controlled substance offense for the career offender enhancement.  Peake has been convicted of trafficking cocaine in both Ohio and Kentucky.  He was properly sentenced as a career offender because he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense."  *See* U.S.S.G. § 4B1.1(a).

- 6 -

There was no error of law in denying the defendant's claim for relief on these same grounds. The proper assessment of his claims likewise forecloses the possibility that Peake could suffer manifest injustice if the Court's original decision is not reversed. The inescapable conclusion—both then and now—is that Peake cannot prevail regarding these claims.

Finally, the Court again notes that there is no constitutional right to appointed counsel in proceedings filed under 18 U.S.C. § 3582(c)(2). *See United States v. Pingleton*, 2015 WL 13836934, at *1, n.1 (E.D. Ky. Mar. 24, 2015) (collecting cases). The lack of merit in Peake's motion fully supports the conclusion that appointment of counsel is unnecessary and would constitute a waste of resources.

## III.

Being sufficiently advised, it is hereby

**ORDERED** that Defendant Peake's request for appointment of counsel and all other post-sentencing relief [Record No. 172] is **DENIED**.

Dated: April 1, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky